IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

      Plaintiff,                        No. CIV S-12-470 JAM GGH PS

   vs.

ANGELA ACKLEY et al.,

      Defendants.                <u>ORDER AND</u>
                                                <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

\\\\\

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

According to plaintiff's complaint and the exhibits attached to the complaint (see dkt. no. 2), plaintiff's son sustained a knee injury while playing football when he was

1  approximately 14 years old. On June 28, 2010, when he was 16 years old, a doctor
2  recommended that a review of a previous MRI was needed to determine whether a further
3  medical procedure related to the knee was necessary. Additionally, on September 21, 2010, a
4  Solano County state court judge ordered plaintiff's son's mother to "attempt to obtain health
5  insurance for the minor child so that he can get the medical treatment." Interestingly, the state
6  court judge also suspended visitation with plaintiff (the father) at that time, unless the child
7  wanted to see him.

8        Plaintiff alleges that he sent the above-mentioned medical records and court order
9  to the Tehema County Child Protective Services on December 6, 2011 after the medical
10 treatment was purportedly not provided. Subsequently, on December 30, 2011, Tehema County
11 CPS supervisor Sharon Roberts stated that they were going to wait until plaintiff's son turned 18
12 and let him decide about the surgery. That same day plaintiff also contacted Charlene Reid,
13 Director of Tehema County Social Services, whose secretary informed him that Tehema County
14 CPS was going to send defendant Angela Ackley to investigate plaintiff's child neglect
15 accusations. On February 22, 2012, plaintiff was informed by Tehema County CPS supervisor
16 Sharon Roberts that Ms. Ackley decided not to make a finding of child neglect because she
17 witnessed plaintiff's son running without any noticeable problems. The next day Charlene Reid,
18 Director of Tehema County Social Services, also stated that they were not going to change that
19 report, because plaintiff's son was by then 18 years old.

20       Plaintiff contends that defendant Ackley erred in failing to report child neglect,
21 because she was not qualified to make a medical determination regarding the child's need for
22 surgery and ignored the doctor's recommendation and the state court judge's order. He also
23 contends that defendant Ackley incorrectly reasoned that plaintiff's son could make his own
24 decisions after turning 18, because she ignored Cal. Fam. Code § 3901(a), which provides that
25 "[t]he duty of support [of a minor child]...continues as to an unmarried child who has attained the
26 age of 18 years, is a full-time high school student, and who is not self-supporting, until the time

the child completes the 12th grade or attains the age of 19 years, whichever occurs first." Additionally, plaintiff claims that defendant Ackley should have reported the child neglect when it was first made known to her and when plaintiff's son was still under 18 years of age. Instead, according to plaintiff, Tehema County CPS stalled the investigation to wait for his son to turn 18.

Plaintiff asserts a claim under 42 U.S.C. § 1983 against defendant Ackley,[1] alleging that defendant Ackley's failure to report child neglect violated plaintiff's right to equal protection of the law and due process under the Fifth and Fourteenth Amendment of the U.S. Constitution. The claim fails because plaintiff does not have standing to assert the rights of his son. Moreover, even if standing existed, no claim is stated against an agency or agency official because it failed to protect a citizen.

A plaintiff must assert his own rights and may not seek to litigate the rights of others. Veterans for Common Sense v. Shinseki, 644 F.3d 845, 894 n.4 (9th Cir. 2011). This is true when a father attempts to assert the rights of his children. Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12-18, 124 S. Ct. 2301 (2004) (no standing to "protect" daughter from alleged abuse by school officials and mother in permitting the daughter to recite a Pledge of Allegiance with the word "God" in it). Thus, petitioner does not have the authority to seek the relief he does, i.e., to hold "accountable" the agency official because his son may have had his knee further injured by the agency official's misfeasance in not compelling the mother to obtain swift surgical intervention *per se*, or in not instituting neglect proceedings which would have ultimately compelled the "needed" surgery. If his son has been injured, it is up to his (now) adult son to bring an action seeking, at this point, damages (if he can).

Assuming that plaintiff is attempting to assert some right of his own, i.e., that he has been deprived of his right of familial association, such a claim would fail.

---

[1] The mother of plaintiff's son, Crystal Archer, is named as a real party in interest. It is somewhat difficult to tell, but even reading the complaint liberally, it does not appear that plaintiff ("petitioner") is attempting to sue his ex-wife. In any event, the court's standing discussion would apply equally even if the ex-wife were a defendant.

> The substantive due process right to family integrity or to familial association is well established. A parent has a "fundamental liberty interest" in companionship with his or her child. Kelson v. City of Springfield, 767 F.2d 651, 654–55 (9th Cir.1985). A state may not interfere with this liberty interest, and indeed the violation of the right to family integrity is subject to remedy under § 1983. Id. To amount to a violation of substantive due process, however, the harmful conduct must "shock [ ] the conscience" or "offend the community's sense of fair play and decency." Rochin v. California, 342 U.S. 165, 172–73, 72 S.Ct. 205, 96 L.Ed. 183 (1952); see also Pittsley v. Warish, 927 F.2d 3 (1st Cir.1991) (abrogated on other grounds). For example, we have held that a plaintiff stated a claim under § 1983 for a violation of the right to family integrity where her mentally disabled son was mistaken for another person, falsely arrested, caused to be extradited to New York from California, and imprisoned; the police department misinformed her of his whereabouts on several occasions until he was finally released two years later. Lee v. City of Los Angeles, 250 F.3d 668, 685–86 (9th Cir. 2001). In Kelson, we held that parents had stated a cause of action for a violation of their right to companionship and society of a child where their teenage son had committed suicide at school. Kelson, 767 F.2d at 653–55.

Rosenbaum v. Washoe County, 663 F.3d 1071, 1079 (9th Cir. 2011).

Thus, in Rosenbaum, a father who had been embarrassed by the police by their arresting him without cause in front of his children, and whose children were allegedly told inappropriate, "even offensive" things by the police about the father, could not state an associational claim. That defendant Ackley in this case did not compel the mother to ensure that plaintiff's son's knee was operated upon, or otherwise did not bring a neglect claim against the mother, does not shock the conscience.

Again, assuming standing, nor can plaintiff state a *federal* claim against agency officials for not performing their job correctly under state law, either in general, Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 125 S. Ct. 2790 (2005) (proper enforcement of restraining orders under state law), or for failure to protect private persons, DeShaney v. Winnebago County, Dept. Of Social Services, 489 U.S. 189, 109 S. Ct. 998 (1989) (alleged failure of social services personnel to discover and stop child abuse by a parent).

Although the court would ordinarily grant a pro se plaintiff leave to amend, it does not appear that the above-mentioned defects can be cured by more detailed factual allegations or revision of plaintiff's claims. Plaintiff's complaint is patently frivolous, and leave to amend

5

1 would be futile.

2        For the reasons outlined above, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (dkt. no. 3) is granted.

       IT IS ALSO HEREBY RECOMMENDED that:

       1.  The action be dismissed with prejudice, and

       2.  The case be closed.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 3, 2012

                              /s/ Gregory G. Hollows
                         UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Todd.470.ifp-fr.wpd